IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **LUIS ALBERTO MORALES-LOAIZA,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1744-J** |
| | ) | |
| **FRED FIGUEROA, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Luis Alberto Morales-Loaiza, a citizen of Venezuela proceeding *pro se*,[1] filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE"). (Doc. 1).[2] United States District Judge Bernard M. Jones, II, referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 3). The matter is at issue. As fully set forth below, the undersigned recommends that the Petition be **GRANTED in part** because Petitioner's detention without a bond hearing violates the Immigration and Nationality Act ("INA"). The Court should order an individualized bond hearing before a neutral immigration judge within 7 days of the

---

[1] A *pro se* litigant's pleadings are liberally construed "and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). But the court cannot serve as Petitioner's advocate, creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[2] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

judgment in this matter, or else release him from custody. Additionally, Petitioner's Respectful Motion for an Expedited Ruling on the Parties' Uncontested Request for Habeas Relief, (Doc. 9), should be **denied as moot.**

## I. Factual Background

The relevant facts in this matter are:

- Petitioner is citizen of Venezuela who entered the United States on or about December 31, 2021. (Doc. 1, at Ex. 4, at 2).

- On February 25, 2022, removal proceedings were initiated against Petitioner. (*Id.*)

- Petitioner was granted Temporary Protected Status ("TPS") under 8 U.S.C. § 1254a in October of 2023, but this designation was removed on February 3, 2025. (Doc. 1, at 4-5).

- Petitioner's immigration proceedings are ongoing, as Petitioner has a pending appeal of his order for removal. EOIR Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last accessed Oct. 7, 2026). Thus, he is not subject to a final order of removal.

- Petitioner alleges he was detained by ICE on October 21, 2025. (Doc. 1, at 5).

- Petitioner previously filed a petition for writ of habeas corpus in the United States District Court for the Northern District of Texas. (*Id.* at 6). There, Petitioner argued that his detention violated the TPS statute and that his detention violated his due process rights. (*Id.* at Ex. 8). The court denied his petition. (*Id.*)

- Petitioner alleges, and Respondents do not contest, that he has not been provided with a bond hearing. (Doc. 1, at 7).

- Petitioner is detained at Diamondback Correctional Facility in Watonga, Oklahoma. ICE Online Detainee Locator System, https://locator.ice.gov/odls/#/search (last accessed Oct. 7, 2026).

## II. Petitioner's Claims and Respondents' Responses

Petitioner makes the following claims in support of his Petition:

1. Prolonged detention violates the Fifth Amendment. (Doc. 1, at 8-10).

2. "[T]he complete denial of any hearing before a neutral decision-maker . . . violates the procedural component of the Fifth Amendment's Due Process Clause." (*Id.* at 10).

3. He is "entitled to an individualized bond hearing under [8 U.S.C.] § 1226(a), and the denial of such a hearing violates both the statute and the Constitution." (*Id.* at 12).

4. Removal is not reasonably foreseeable, rendering continued detention unconstitutional. (*Id.* at 13-16).

5. 8 U.S.C. § 1225(b)(2)(A) is unconstitutional as applied. (*Id.* at 16-17).

6. The Petition is not subject to claim preclusion despite his "prior habeas petition in the Northern District of Texas." (*Id.* at 17).

As relief, Petitioner requests his immediate release from custody or, alternatively, a prompt custody review before a neutral decision maker.[3] (*Id.* at 19).

Respondents – despite maintaining that Petitioner's detention is proper under 8 U.S.C. § 1225(b)(2)(A) – concede that the matter is controlled by the Tenth Circuit's recent decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). (Doc. 7, at 2). Then, Respondents argue that "insofar as Petitioner raises claims related to his due process rights but outside the scope of his § 1225(b)(2)(A) claim, those arguments should be disregarded" because he raised a due process claim in a prior habeas action. (*Id.* at 3).

[3] Petitioner also seeks other relief beyond his release or bond hearing, including injunctive relief, (Doc. 1, at 19), but the relief recommended is limited to what is described below.

Thus, they argue that the due process claims – but not his statutory claim – are subject to abuse of the writ. (*Id.* at 3-4).

In reply, Petitioner agrees he is entitled to an individualized bond hearing, and requests that the government be ordered to bear the burden of proof, by clear and convincing evidence, that Petitioner is a flight risk or a danger to the community. (Doc. 8, at 1).

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Under *Santillan Quiroz v. Mullin*, Petitioner Is Entitled to a Bond Hearing.

On June 30, 2026, the Tenth Circuit decided *Santillan Quiroz,* holding "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to [8 U.S.C.] § 1226(a) (and thus eligible for bond), not [8 U.S.C.] § 1225(b)(2)(A)." 180 F.4th at 1237. This statutory interpretation is binding on this Court and applicable to Petitioner's factual circumstances, as Respondents concede.

Because Petitioner is subject to § 1226(a) and has not received a bond hearing, Petitioner has shown that he is in custody in violation of the laws of the United States, and he is entitled to habeas relief. 28 U.S.C. § 2241(c)(3). While Petitioner seeks immediate

release, a bond hearing is the appropriate remedy. *Santillan Quiroz*, 180 F.4th at 1251 n.13.[4]

Because the undersigned recommends granting habeas relief on the basis of a violation of the INA, it is unnecessary to address Petitioner's other claims, including his due process claim, particularly as it would result in the same relief. *See, e.g., Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025) ("Because this Court holds that § 1226 governs Petitioner's detention, the due process owed to Petitioner is that provided for in § 1226 — namely, an individualized bond hearing before an IJ.").[5]

## V. Recommendation and Notice of Right to Object

For the reasons discussed above, the undersigned recommends that the Petition, (Doc. 1), be **GRANTED in part**. The undersigned recommends that the Court order Respondents to provide Petitioner an individualized bond hearing before a neutral immigration judge within 7 days of the judgment in this matter, or else release him from

[4] Under current BIA precedent, the non-citizen bears the burden of proving dangerousness or flight risk at a § 1226(a) bond hearing. *See Hernandez-Lara v. Lyons*, 10 F.4th 19, 27 (1st Cir. 2021). Judges in this District have either declined to decide whether due process requires shifting the burden to the government, *see Velazquez v. Johnson*, No. CIV-26-1111-J, 2026 WL 1999247, at *1 (W.D. Okla. July 10, 2026); *Karimov v. Grant*, No. CIV-26-639-J, 2026 WL 1493969, at *1 (W.D. Okla. May 28, 2026); *Rangel v. Mullin*, No. CIV-26-568-D, *Singh v. Figueroa*, No. CIV-26-600-R, or concluded that it does not. *See Adediran v. Figueroa*, No. CIV-26-801-J, *Pupo Socarras v. Figueroa*, No. CIV-26-0571-HE, 2026 WL 2100499, at *1 (W.D. Okla. July 21, 2026); *Toro v. Mullin*, CIV-26-315-JD, Doc. 19, at 18 (W.D. Okla. May 12, 2026).

[5] In declining to address the other claims, the undersigned makes no finding as to whether the due process claims would be subject to dismissal based on an abuse-of-the-writ theory.

custody. Additionally, Petitioner's Respectful Motion for an Expedited Ruling on the Parties' Uncontested Request for Habeas Relief, (Doc. 9), should be **denied as moot.**

**The Court advises the parties of their right to object to this Report and Recommendation by October 14, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).[6] The Court advises the parties that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge and terminates the referral unless and until the matter is re-referred.

**ENTERED** this 7th day of October, 2026.

Amanda L. Maxfield

AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE

---

[6] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to Report and Recommendations. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process.").